

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                           Plaintiff,<br><br>v.<br><br>MARVIN LEE MACE,<br><br>                          Defendant. | Case No.: 24CR1430-BTM<br><br>**ORDER DENYING DEFENDANT'S MOTION TO RECONSIDER DETENTION**<br><br>**[ECF No. 36]** |

      Before the Court is Defendant Marvin Lee Mace's Motion to Reconsider Detention. ECF No. 36. At Defendant's initial appearance on June 27, 2024, the Government moved to detain him based on serious risk of flight. ECF No. 3. After a hearing that day, the Court granted the Government's motion. ECF No. 7. The Court found by a preponderance of the evidence that no condition or combination of conditions of release will reasonably assure Defendant's appearance. *Id.* The Court found the following factors supported an order of detention: the nature and circumstances of the offense; Defendant attempted to evade law enforcement; Defendant has a criminal history; Defendant was on probation, parole or supervision when arrested; Defendant had a history of violations of probation, parole, or supervised release; and the weight of the evidence is against him is strong, although that is

the least important factor.[1] *Id.* The Court noted that Defendant's criminal history included probation violations in 2010, 2016, and 2022; and supervised release violations in 2015 and 2022. *Id.*

Defendant now seeks reconsideration of the Court's detention order, and requests that the Court set pretrial release conditions including a personal appearance bond in the amount of $35,000 secured by the signature of one financially responsible adult and a $3,500 cash deposit. Defendant's brother is willing to sign as a surety. Defendant argues that conditions of pretrial release should be set based on additional information provided in the Motion regarding his criminal history.

With respect to his history and characteristics, Defendant disagrees with the Court's finding that he was under court supervision at the time of his arrest. ECF No. 36 at 3. Defendant states that he completed supervised release on April 24, 2024, approximately two months prior to his arrest. *Id.* The Government contends that even if Defendant was not on supervised release during his arrest, he was under supervision during May 2024, when he engaged in the alleged unlawful conduct underlying the current charges against him. ECF No. 41 at 8. The Court discusses this discrepancy in the record below.

Defendant emphasizes that he has significant ties to the San Diego community. ECF No. 36 at 3. He has lived in San Diego County his entire life. *Id.* He has many close family members in San Diego County, including six siblings and his mother. *Id.* He has a history of working in San Diego. *Id.* Defendant does not have ties to Mexico or other foreign countries. *Id.* Defendant has taken advantage of the opportunities presented to further his education, including obtaining a GED, several college courses, and obtaining his commercial truck drivers license. *Id.* at 4. Defendant attributes his criminal history to a

---

[1] The Court used a check-the-box form and checked seven of the 21 boxes on the form that supported detention. *Id.* Defendant contends that this translates to a finding by the Court that the 14 unchecked boxes on the form weigh ***in favor of*** pretrial release. ECF No. 36 at 3. This is a misreading of the Court's form. At best, the other 14 factors were neutral on the issue of detention, and thus the Court did not check them.

| | |
|---|---|
| 1 | longstanding drug addiction. *Id.* Defendant has completed residential drug treatment |
| 2 | programs successfully in the past. Defendant is willing to be released directly into a |
| 3 | residential treatment program or on location monitoring. Defendant's mother suffers from |
| 4 | dementia and is experiencing a decline in her health. *Id.* |
| 5 |       The Government opposes the motion. With respect to Defendant's history and |
| 6 | characteristics, the Government contends that Defendant is a career offender with a lengthy |
| 7 | history of convictions for possession and sale of illegal drugs. ECF No. 41 at 7. Here, |
| 8 | Defendant is charged with distributing fentanyl, which is an extremely deadly drug. *Id.* The |
| 9 | evidence against Defendant is strong and includes text messages and testimony from |
| 10 | undercover officers. *Id.* Although Defendant was not on supervised release at the time of |
| 11 | his **arrest**, the Government contends he was on supervised release in May 2024, when the |
| 12 | conduct alleged in the indictment against him occurred. *Id.* at 8. Although Defendant has |
| 13 | had periods of employment, the Government contends he has also been unemployed during |
| 14 | several other periods of time, and this coupled with his alleged street-level drug dealing |
| 15 | support a finding of serious risk of flight. |
| 16 |       The Court finds that this matter is suitable for determination without a hearing. |
| 17 | *United States v. Dodd*, No. 20-cr-0016, 2020 WL 1547419, at *1 (D. Minn. Apr. 1, 2020); |
| 18 | *United States v. Martin*, No. PWG-19-140-13, 2020 WL 1274857 (D. Md. Mar. 17, 2020) |
| 19 | (no requirement to hold a hearing on request for reconsideration of order of detention). |
| 20 |       The Government has charged Defendant with violating 21 U.S.C. § 841. Because |
| 21 | that charge carries a maximum penalty of more than 10 years, the Court begins with a |
| 22 | presumption that Defendant should be detained. 18 U.S.C. § 3142(e)(3)(A). The Court is |
| 23 | not persuaded that the additional information provided by Defendant rebuts the |
| 24 | presumption of detention. Although the Court recognizes and appreciates the willingness |
| 25 | of Defendant's brother to support him during the pretrial process, the Court does not find |
| 26 | it sufficient to overcome the presumption. The fact that Defendant may not have been under |
| 27 | supervision at the time of his arrest is of little consequence, considering the most favorable |
| 28 | way to interpret the parties' dispute on this issue for the Defendant is that he is alleged to |

have engaged in drug trafficking just weeks after his supervised release ended. Defendant also has multiple violations of probation and supervised release in his criminal history.

Therefore, the Court **DENIES** Defendant's Motion to Reconsider Detention.

**IT IS SO ORDERED.**

Dated: March 24, 2025

_____
Honorable Allison H. Goddard
United States Magistrate Judge